FILED

NOV 2 2 2011

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| KEITH RUSSELL JUDD, | No. C-11-2805 JW (PR) |
|---|---|
| Plaintiff, | **ORDER DISMISSING COMPLAINT; DENYING IN FORMA PAUPERIS APPLICATION/REQUESTS FOR FEE WAIVER** |
| v. | |
| SECRETARY OF STATE OF CALIFORNIA, et. al., | |
| Defendant(s). | (Docket Nos. 2, 4, 6 & 8) |

Beginning in June 2011, Plaintiff, a federal prisoner incarcerated at the Federal Correctional Institution in Texarkana, Texas, filed several documents in this Court. The initial document Plaintiff filed is entitled "COMPLAINT FOR DECLARATORY RELIEF AND PRELIMINARY INJUNCTION; ELECTIONS VOTING." In that document, Plaintiff seeks injunctive relief requiring the State of California to place him on the presidential primary ballot for 2012 as a Democratic candidate and a declaratory judgment that California's election laws are unconstitutional because they do not allow convicted felons to vote. See Doc. No. 1. Plaintiff also seeks leave to proceed in forma pauperis and/or a waiver of filing fees. See Doc. Nos. 2, 4 & 8.

For the reasons that follow, the action is DISMISSED WITH PREJUDICE and Plaintiff's in forma pauperis application and requests for fee waivers are DENIED.

**DISCUSSION**

**A.     Legal Standard**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). As observed by the United States Supreme Court, the in forma pauperis statute, 28 U.S.C. § 1915:

> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke v. Williams, 490 U.S. at 327 (quotation marks omitted)). A finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible "whether or not there are judicially noticeable facts available to contradict them." Denton, 504 U.S. at 32–33 (quoting Neitzke, 490 U.S. at 325, 327–28; see Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct 1937, 1959 (2009).

A district court must not dismiss a complaint simply because the set of facts presented by the plaintiff appears to be "unlikely[,]" Denton, 504 U.S. at 33; yet, at the same time, a complaint must allege facts "to state a claim . . . that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). If a pleading can be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en

2

banc); Moss v. U.S. Secret Service, 572 F.3d 962, 971 (9th Cir. 2009).

B.  **Analysis**

Plaintiff is a frequent litigant in federal court. Indeed, to date, Plaintiff has filed well over 900 actions in federal courts all over the country. See PACER Case Locator, http://www.pacer.gov/findcase.html.[1] Plaintiff's penchant for abusive and frivolous federal litigation has earned him sanctions as well as orders enjoining him from filing new actions in many courts, including the United States Supreme Court. See, e.g., Judd v. U.S. Dist. Ct. W.D. Tex., 528 U.S. 5, 5–6 (1999); In re Judd, 240 Fed.Appx. 981, 982 (3rd Cir. 2007); Judd v. Fox, 289 Fed.Appx. 795, 795–96 (5th Cir. 2008); Judd v. United States, No. 05-5289, 05-5290, 2006 WL 1565084 at *1 (D.C. Cir. Feb. 14, 2006); Judd v. Univ. of New Mexico, 204 F.3d 1041 (10th Cir. 2000) (summarizing Plaintiff's history of abusive filings in the federal courts and imposing filing restrictions).

The instant action involves Plaintiff's desire for injunctive relief requiring the State of California to place him on the presidential primary ballot for 2012 as a Democratic candidate and a declaratory judgment that California's election laws are unconstitutional because they do not allow convicted felons to vote. See Doc. No. 1. This action appears to be identical to actions filed in federal district courts in many states. See, e.g., In re Keith Russell Judd Voting Rights Litigation, M.D.L. No. 2276, 2011 WL 4684348 (U.S.Jud.Pan.Mult.Lit., Oct. 7, 2011). In its order denying Plaintiff's request to centralize actions in the Western District of Arkansas, the multidistrict litigation panel noted:

> Plaintiff also notified the Panel of over 30 related actions that he filed in various federal districts[] . . . [in which he] aspires to

---

[1] This Court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992). A court also may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein. See Lee v. City of Los Angeles, 250 F.3d 668, 689–90 (9th Cir. 2001); see also Interstate Natural Gas Co. v. Southern California Gas Co., 209 F.2d 380, 385 (9th Cir. 1954) (holding a court may take judicial notice of records and reports of administrative bodies).

3

>appear on presidential primary ballots for the 2012 election. In each action he challenges the ballot placement provisions of the respective states and the laws prohibiting persons convicted of certain crimes from voting in federal elections.
>
>. . . .
>
>[Plaintiff's motion to centralize litigation] initially encompassed 24 actions, 22 of which have since been closed, including actions in the District of Arizona, Western District of Arkansas, District of New Hampshire, and Southern District of West Virginia that had been on the hearing session order.

Id. at *1 & n.1.

A court may dismiss a complaint or individual claims when the complaint or claims are duplicative of claims brought in another case. See 28 U.S.C. § 1915A(b)(1) (allowing district courts to dismiss prisoner actions that are frivolous); see also Cato v. United States, 70 F.3d 1105, 1105 n.2 (9th Cir. 1995) (no abuse of discretion in dismissing action as frivolous under 28 U.S.C. § 1915 where complaint "merely repeats pending or previously litigated claims"). Indeed, many of the actions Plaintiff filed in our sister courts have been dismissed as frivolous; some also have barred Plaintiff from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g). See, e.g., Judd v. Sec'y of State of Arkansas, et. al., Civ. No. 11-4049, 2011 WL 3901929 at *2–3 (W.D. Ark. July 7, 2011) ("Plaintiff, as has been noted by various courts, is a vexatious and abusive filer. His filings occupy valuable court time and resources and are frivolous. He has been barred by more than three courts from further filings in those courts[]"); Judd v. Sec'y of State of Maine, et. al., Civ. No. 11-00212 (D. Me. July 1, 2011); Judd v. Sec'y of State of California, et. al., No. C-11-5440-UA (AN) (C.D. Cal. filed June 30, 2011); Judd v. State Board of Elections of Virginia, et. al., Civ. No. 11-00618 (E.D. Va. June 20, 2011); Judd v. Oklahoma State Election Board, et. al., Civ. No. 11-00183 (E.D. Okla. June 13, 2011); Judd v. State Board of Elections of Maryland, et. al., Civ. No. RDB–11–1447, 2011 WL 2413513 at *2 (D. Md. June 10, 2011) ("[Plaintiff] is a prolific and vexatious litigant who has filed more than 748 cases in federal courts since 1997"); Judd v. State of

1  Hawaii, et. al., No. C-11-0365 DAE-BMK (D. Hawaii filed June 9, 2011) ("Plaintiff has filed
2  an astonishing 902 cases in the federal courts to date"); Judd v. Wyoming Sec'y of State, Civ.
3  No. 11-00202 (D. Wyo. June 6, 2011); Judd v. Sec'y of the Commonwealth of Massachusetts,
4  et. al., Civ. No. 11-94007 (D. Mass. June 3, 2011); Judd v. Department of State of Tennessee,
5  et. al., Civ. No. 11-00244 (E.D. Tenn. June 3, 2011); Judd v. Sec'y of State of Florida, et. al.,
6  Civ. No. 6:11–cv–867–Orl–22KRS, 2011 WL 2784422 (M.D. Fla. June 1, 2011); Judd v.
7  Sec'y of State of Montana, et. al., Civ. No. 11-00080 (D. Mont. May 27, 2011); Judd v. State
8  Election Bd. of New York, et. al., Civ. No. 11-00571 (N.D.N.Y. 2011); Judd v. Sec'y of State
9  of Nevada, et. al., Civ. No. 11-00853 (D. Nev. 2011); Judd v. Oklahoma State Election
10 Board, et. al., Civ. No. 11-00624 (W.D. Okla. 2011).

This Court will do the same as its sister courts have done with Plaintiff's countless abusive and frivolous filings, i.e., find that Plaintiff's action in which he seeks injunctive relief requiring the State of California to place him on the presidential primary ballot for 2012 as a Democratic candidate cannot proceed because it is frivolous, malicious and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b); Neitzke, 490 U.S. at 325; Denton, 504 U.S. at 32–33 (citations and quotations omitted) (finding of factual frivolousness is warranted when facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible "whether or not there are judicially noticeable facts available to contradict them"). In Richardson v. Ramirez, the United States Supreme Court upheld against an equal protection claim California's disenfranchisement of convicted felons who had completed their sentences and paroles. Id., 418 U.S. 24, 56 (1974). It follows that, because Plaintiff is ineligible to vote due to his incarceration, he is ineligible to run for public office.

C.  **In Forma Pauperis Status**

Under the authority of 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. § 1915 (i.e., may not

5

proceed in forma pauperis) "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Such is the case here.

## CONCLUSION

For the reasons set forth above, Plaintiff's requests to proceed in forma pauperis and for a waiver for filing fees (Doc. Nos. 2, 4 & 8) are **DENIED**. Further, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** on the grounds that it is frivolous, malicious and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b).

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an in forma pauperis appeal from this Order of Dismissal would not be taken in good faith.

The Clerk is directed to terminate all motions as moot, enter judgment in accordance with this order and close the file.

IT IS SO ORDERED.

DATED  November 22, 2011

JAMES WARE
United States District Chief Judge

G:\PRO-SE\JW-SF\CR-11\Judd-11-2805-dismiss-three strikes.wpd

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH RUSSELL JUDD,<br><br>Plaintiff(s),<br><br>v.<br><br>SECRETARY OF STATE OF CALIFORNIA, et al,<br><br>Defendant(s)._____/ | No. C11-2805 (JW)<br><br>CERTIFICATE OF SERVICE |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 23, 2011, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy into an inter-office delivery receptacle located in the Office of the Clerk.

Keith Russell Judd
11593-051
Federal Correctional Institution
K-2
P.O. Box 7000
Texarkana, TX 75505-7000

RICHARD W. WIEKING, CLERK

BY: *Susan Imbriani*

Susan Imbriani, Courtroom Deputy